IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JERRY A. GARCIA,**

        **Plaintiff,**

vs.                                                                          No. CIV 04-1100 LCS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees and Costs Under Equal Access to Justice Act ("EAJA"). (Doc. 26.) Plaintiff's counsel originally requested attorney fees and costs in the amount of $10,066.50 ($9,916.50 for 63.20 hours of work and $150.00 in court costs), but has since amended her request to $10,026.75 ($9,876.75 for 62.95 hours of work and $150.00 in court costs) associated with the federal litigation of Plaintiff's Social Security disability claim. (*See id.* at 4; Doc. 29 at 6.)

Pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73(b), the parties consented to have me serve as the presiding judge and enter final judgment. (*See* Docs. 3, 7.) I find Plaintiff's motion to be well-taken and will **GRANT IN PART** Plaintiff's counsel attorney fees.

    **I.**        **PROCEDURAL BACKGROUND**

Plaintiff filed his application for social security disability benefits on October 24, 2000. (Doc. 12 at 1.) The application was denied by an Administrative Law Judge ("A.L.J."). (*Id.* at 1-2.) Plaintiff subsequently filed a complaint in this Court on September 28, 2004. (Doc. 1.) On

August 11, 2005, I denied Plaintiff's motion to reverse and remand.  (Doc. 16.)  Plaintiff appealed my decision to the Tenth Circuit.  (Doc. 19.)  On September 13, 2006, the Tenth Circuit remanded the case for further proceedings.  *Garcia v. Barnhart*, No. 05-2322, 2006 WL 1923984 (10th Cir. July 13, 2006).  Plaintiff now requests EAJA fees and costs in the amount of $10,066.50.  (Doc. 29 at 6.)  The Defendant objects to a fee award under EAJA, asserting that the position of the Commissioner was substantially justified and that the hours spent on Plaintiff's case were excessive and duplicative.  (Doc. 22.)

**II.     DISCUSSION**

**A.     The Government Did Not Meet Its Burden to Show that Its Position Was Substantially Justified.**

The EAJA provides for an award of attorney fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The Government does not dispute that Plaintiff is a prevailing party, nor does it argue that special circumstances exist.  (*See* Doc. 28.)  Rather, the Government summarily asserts that its position was substantially justified.  (*Id.* at 1-2.)  It is the Government's burden to show "that its position was substantially justified."  *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir.1987)).  In summarily asserting that reasonable people could differ on whether the contested action was appropriate, the Government has not met its burden.  (Doc. 28 at 2.)

**B.     Plaintiff's Original Request for Attorney Fees Will Be Reduced By $102.75.**

Defendant asks the Court to reduce the number of hours Plaintiff's counsel claims.  (*Id.* at 2-7.)  Defendant first argues that Plaintiff claimed time spent on ministerial tasks on December 5

2

and 12, 2005.  (*Id.* at 2-3.)  Defendant cites to *Ramos v. Lamm* for the contention that "tasks that are secretarial in nature are considered part of overhead and are not separately compensable under the EAJA . . . ."  (*Id.* at 3 (citing 713 F.2d 546, 559 (10th Cir. 1983) (*overruled on other grounds Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987))).)  Defendant misstates the Tenth Circuit's decision.  The *Ramos* court held that where certain expenses "are normally absorbed as part of the firms' overhead" in calculating a reasonable area hourly rate, then attorneys may not collect separately for such expenses under the EAJA; but where those expenses "are *usually charged separately in the area*[,]" then the "expenses [may] be allowed as fees."  *Ramos*, 713 F.2d at 555, 559 (emphasis added).  Defendant has not cited to any authority to demonstrate that the work of a legal assistant is not included in this area's reasonable hourly rate, and the Court declines to research this issue for Defendant.  Plaintiff's counsel does note, however, that .75 hours of the work done on December 5 and 12, 2005 were ministerial and able to be performed by her legal assistant; I will, therefore, reduce the fee award by $63.00.[1]

Plaintiff's counsel concedes that she duplicated .25 hours on the October 25, 2005 entry and agrees to reducing the fee award by $39.75.[2]  Defendant declares that a myriad of other billing items are excessive or unnecessary.  (Doc. 28 at 4-7.)  Defendant's arguments are unpersuasive.  Plaintiff argues that her hours were reasonable because: (1) the Tenth Circuit's clerk's office called counsel regarding this case in the mistaken belief counsel needed to e-file a brief; (2) both the new structure and expanded arguments of the brief filed with the Tenth Circuit required time to develop; and (3) the motion to reconsider was filed in an effort to avoid the costs

---

[1] (.75 x $159.00) - (.75 x $75.00) = $119.25 - $56.25 = $63.00

[2] $159.00 x .25 = $39.75

of appeal. (Doc. 29 at -6.) Plaintiff's counsel has met her burden to show that the hours were reasonable, and I will not reduce the hours further.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees and Costs Under Equal Access to Justice Act (Doc. 26) is **GRANTED IN PART**. Plaintiff's counsel is entitled to $9,963.75 associated with the federal litigation of Plaintiff's Social Security disability claim.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**